PER CURIAM.
Appellant, Jimetavious Brown, challenges the denial of his motion to withdraw his plea filed pursuant to Florida Rule of Criminal Procedure 3.170(i). Appellant argues, and the State concedes, that the trial court reversibly erred by failing to appoint conflict-free counsel upon his timely assertion that he was misinformed as to the sentence he would receive. See Norman v. State, 897 So.2d 553, 553 (Fla. 1st DCA 2005) (“This Court has consistently held that, ‘once a defendant indicates his desire to avail himself of the rule 3.170(i) procedure, the trial court must appoint conflict-free counsel to advise and assist the defendant in this regard.’”) (citation omitted). Accord Jones v. State, 987 So.2d 109, 109 (Fla. 1st DCA 2008); Mullins v. State, 981 So.2d 1281, 1282 (Fla. 1st DCA 2008); Mosley v. State, 932 So.2d 1239, 1239 (Fla. 1st DCA 2006).
Accordingly, we REVERSE the order and REMAND for the appointment of conflict-free counsel to assist Appellant in this cause.
BARFIELD, DAVIS, and HAWKES, JJ., Concur.